**COTY, INC., Plaintiff–Appellant,**

v.

**L'OREAL S.A., Defendant–Appellee.**

**No. 08–0903–cv.**

United States Court of Appeals, Second Circuit.

March 31, 2009.

Steven R. Schindler (Jonathan L. Hochman, Daniel E. Shaw on the brief) Schindler Cohen & Hochman LLP, New York, N.Y., for Plaintiff–Appellant.

Charles H. Critchlow, (James D. Bailey, on the brief), Baker & McKenzie LLP, New York, N.Y., for Defendant–Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD C. WESLEY, Circuit Judge, Hon. LEONARD B. SAND, District Judge.*

* The Honorable Leonard B. Sand, United States District Court for the Southern District

## SUMMARY ORDER

Plaintiff–Appellant Coty Inc. ("Coty") appeals from an Opinion and Order entered on February 4, 2008, 2008 WL 331360, in the United States District Court for the Southern District of New York (Wood, Ch.J.), dismissing Coty's complaint against L'Oreal S.A. ("L'Oreal") in its entirety.

The case concerns an approximate $6.4 million accounting entry on the books of a Chinese cosmetics company that was wholly owned by Coty, and then sold to L'Oreal pursuant to a Master Assignment and Transfer Agreement dated January 23, 2004 (the "Master Agreement"). The nomenclature of the accounting entry has morphed over time; but immediately prior to sale, the entry on the Chinese company's balance sheet was "Intercompany—interest free." A neutral arbitrator, appointed pursuant to the terms of the Master Agreement, eventually determined that the entry needed to remain as a "payable" on the books of the Chinese cosmetics company, even after its sale to L'Oreal. Coty did not challenge that decision directly, but brought the instant suit seeking payment of the $6.4 million from L'Oreal. The district court ruled that, because the complaint alleged that the debt remained on the books of the Chinese company, Coty failed to allege that L'Oreal had in any way benefited.

On appeal, Coty seeks reversal only as to its cause of action against L'Oreal for unjust enrichment. However, it is blackletter law in New York that recovery on an equitable theory of unjust enrichment is not permitted where the matter at issue is covered by a valid, enforceable contract. *Clark–Fitzpatrick, Inc. v. Long Is. R.R. Co.*, 70 N.Y.2d 382, 388–89, 521 N.Y.S.2d

of New York, sitting by designation.

653, 516 N.E.2d 190 (1987)("It is impermissible ... to seek damages in an action sounding in quasi contract where the suing party has fully performed on a valid written agreement, the existence of which is undisputed, and the scope of which clearly covers the dispute between the parties."); *see also Lightfoot v. Union Carbide Corp.,* 110 F.3d 898, 905 (2d Cir.1997). The Master Agreement set the allowed Coty to settle any intercompany obligations prior to the closing date. *See* Master Agreement § 4.02(b). The unjust enrichment claim is therefore not viable.

For the foregoing reasons, the order of the district court dismissing Coty's complaint is hereby AFFIRMED.